UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | 19-4-SDD-RLB |
| ARTHUR BASALDUA | |

### RULING

This matter is before the Court on the *Motion to Suppress*[1] filed by the Defendant, Arthur Basaldua ("Basaldua"). The United States ("the Government") filed an *Opposition*[2] to this *Motion*. An evidentiary hearing is unnecessary because the undisputed fact that Basaldua is currently incarcerated dictates the outcome of Basaldua's *Motion*.[3] For the reasons set forth below, Basaldua's *Motion*[4] shall be denied.

**I.  FACTUAL BACKGROUND**

Basaldua is currently incarcerated in the Louisiana State Penitentiary ("Angola").[5] Basaldua has been charged with several crimes in conjunction with a scheme to distribute illicit narcotics within Angola.[6] Either Angola prison guards or FBI agents searched Basaldua's cell and the cell next to his on October 10, 2018.[7] They found two cell phones,

---

[1] Rec. Doc. No. 239.
[2] Rec. Doc. No. 255.
[3] *United States v. Hinojosa*, 392 F. App'x 260, 261 (5th Cir. 2010).
[4] Rec. Doc. No. 239.
[5] Rec. Doc. No. 239-1, p. 1; Rec. Doc. No. 255, p. 2.
[6] Rec. Doc. No. 1; Rec. Doc. No. 239-1, p. 1.
[7] Rec. Doc. No. 239-1, p. 2; Rec. Doc. No. 255, p. 2.

69957

one in each cell.[8] The FBI searched both cell phones, and Basaldua seeks to suppress the fruits of those searches.[9]

## II. LAW AND ANALYSIS

The Government asserts that Basaldua lacks standing to contest the search and seizure of the phones because he is currently incarcerated.[10] Basaldua concedes that he lacks standing to contest the seizure of the cell phones,[11] but contends that he has standing to contest the search of the phones because of the unique nature of a cell phone.[12]

### A. The Fourth Amendment, Generally

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures."[13] "Few protections are as essential to individual liberty as the right to be free from unreasonable searches and seizures."[14] Evidence obtained through an unreasonable search or seizure may be suppressed in some circumstances.[15]

### B. Fourth Amendment Standing

The protections of the Fourth Amendment are personal in nature. Therefore, a defendant seeking suppression must show that "'his *own* Fourth Amendment rights were infringed by the search or seizure which he seeks to challenge.'"[16] Although termed "standing," Fourth Amendment "standing" "is not a jurisdictional question," rather, it

---

[8] Rec. Doc. No. 239-1, p. 2; Rec. Doc. No. 255, p. 2.
[9] Rec. Doc. No. 239-1, p. 2; Rec. Doc. No. 255, p. 2–3.
[10] *See* Rec. Doc. No. 255.
[11] Rec. Doc. No. 239-1, p. 4.
[12] *Id*. at 4–5.
[13] U.S. Const. amend. IV.
[14] *Byrd v. United States*, 138 S. Ct. 1518, 1526 (2018).
[15] *United States v. Beaudion*, 979 F.3d 1092, 1097 (5th Cir. 2020).
[16] *Id*. (quoting *Byrd v. United States*, 138 S. Ct. 1518, 1526 (2018)) (alteration in original).

69957

requires that the defendant seeking suppression show that the alleged unreasonable search or seizure "infringed a Fourth Amendment interest of the defendant himself."[17]

The Fifth Circuit has stated:

> A defendant can establish this personalized interest in one of two ways. First, he may object to the physical intrusion of a constitutionally protected area in which he has a property interest. And second, he may object to government action that violates a reasonable expectation of privacy in the place searched. Either way, the Fourth Amendment standing inquiry is both defendant and place-specific: it requires that a particular defendant (the suppression movant) have a property or privacy interest in a particular place (the area searched).[18]

A defendant must make two showings to establish a "reasonable expectation of privacy." First, a defendant must show that he has a "subjective" expectation of privacy.[19] Second, "the expectation must be one that society is prepared to recognize as reasonable."[20] "The reasonableness of an expectation of privacy turns on our societal understanding about what deserves protection from government invasion."[21]

As Basaldua recognizes, the Supreme Court held in *Hudson v. Palmer*[22] that "prisoners have no legitimate expectation of privacy and…the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells…."[23] Therefore, the search of the cells was constitutional. But Basaldua challenges the search of the cell phones themselves. He argues that the heightened privacy interest in cell phones that the Supreme Court recognized in *Riley v. California*[24] renders his privacy interest in those cell phones reasonable.

---

[17] *Id.* (internal quotations and citations omitted).
[18] *Id.*
[19] *United States v. Turner*, 839 F.3d 429, 434 (5th Cir. 2016).
[20] *Id.* (internal citations omitted).
[21] *Id.* at 435 (cleaned up).
[22] 468 U.S. 517 (1984).
[23] *Id.* at 530.
[24] 573 U.S. 373 (2014).

69957

The *Riley* Court held that police officers cannot search the contents of a cell phone as a search incident to an arrest unless exigent circumstances exist.[25] The Court examined the search incident to arrest trilogy[26] and noted that "concerns for officer safety and evidence preservation underlie the search incident to arrest exception."[27] The Court also relied on the notion that an arrestee has a diminished privacy interest.[28] The Court excluded the search of electronic data on a cell phone from the search incident to arrest exception to the warrant requirement on the basis that the data on a phone does not pose a threat to officer safety and the data cannot be deleted by an arrestee once the phone is removed from his possession.[29]

Along the way, the Court noted several salient features of cell phones that distinguish them from other physical objects. The Court noted that cell phones contain a massive amount of information unlike most things an arrestee may possess at the time of his arrest.[30] The Court explained that cell phones "hold for many Americans the privacies of life."[31] Further, the Court noted the variety of functions that modern cell phones have: "[t]hey could just as easily be called cameras, video players, rolodexes, calendars, tape recorders, libraries, diaries, albums, televisions, maps, or newspapers."[32] In short, "[t]he sum of an individual's private life can be reconstructed through a thousand photographs labeled with dates, locations, and descriptions…"[33]

---

[25] *Id*. at 386.
[26] *Chimel v. California*, 395 U.S. 752 (1969); *United States v. Robinson*, 414 U.S. 218 (1973); *Arizona v. Gant*, 556 U.S. 332 (2009).
[27] *Riley*, 573 U.S. at 384–85.
[28] *Id*. at 391–92.
[29] *Id*. at 387, 389.
[30] *Id*. at 393–95.
[31] *Id*. at 403. (internal citations omitted).
[32] *Id*. at 394.
[33] *Id*.

69957

Basaldua characterizes *Riley* as creating a "heightened privacy interest to a person's cell phone."[34] The Court agrees with this characterization. However, Basaldua is incarcerated. So even if an *arrestee's* privacy interest in the contents of his cell phone is sacrosanct, it does not follow that Basaldua had an expectation of privacy that society is willing to recognize as reasonable.

While a cell phone may "hold for many Americans the privacies of life," as a prisoner, Basaldua is not afforded "the privacies of life." Basaldua's possession of the cell phones was a crime under state law.[35] His creation of the cell phone data that he now seeks to suppress was part and parcel of that crime. The phones were contraband, so Basaldua could not have had a reasonable expectation as to the contents of that contraband. Therefore, Basaldua lacks Fourth Amendment standing to contest the search of the cell phones. In so holding, the Court joins many other courts from around the country.[36]

---

[34] Rec. Doc. No. 239-1, p. 4.
[35] La. Stat. Ann. § 14:402(D)(9).
[36] *See United States v. York*, 2017 WL 5068143, at *4 (E.D. Cal. Sept. 29, 2017) (holding that a prisoner who possesses a cell phone in violation of state law has "no reasonable expectation of privacy in communications that took place over his contraband cellular phone"); *Shea v. United States*, 2018 WL 3750975, at *5 (D. Nev. Apr. 16, 2018), *report and recommendation adopted*, 2018 WL 3747282 (D. Nev. Aug. 7, 2018) (accord); *United States v. Boyce*, 2015 WL 856943, at *5–6 (D. Vi. Feb. 26, 2015) (accord); *Williams v. Raynor Rensch & Pfieffer*, 2015 WL 2127095, at *12 (D. Neb. May 6, 2015), *aff'd sub nom*. *Williams v. Raynor*, 669 F. App'x 340 (8th Cir. 2016) (accord); *United States v. Dobbins*, 2014 WL 267329, at *6 (S.D. Ind. Jan. 23, 2014) (accord); *United States v. Huart*, 735 F.3d 972, 976 (7th Cir. 2013) (holding that resident of a halfway house lacked a reasonable expectation of privacy in his cell phone and its contents); *United States v. Rodriguez*, 2015 WL 468358, at *1 (S.D. Cal. Feb. 3, 2015) (stating that "[n]o court has ruled that a prison inmate has a reasonable expectation of privacy for communications he makes by cellular telephone.").

69957

### III. CONCLUSION

For the reasons set forth above, Basaldua's *Motion to Suppress*[37] is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on December 9, 2021.

*Shelly D. Dick*
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[37] Rec. Doc. No. 239.

69957